UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAKEYA WILKINS & TONYAWANA WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>HOUSING AUTHORITY OF THE CITY OF NEW HAYEN,<br><br>KAREN DUBOIS-WALTON, Executive Director of the HOUSING AUTHORITY OF THE CITY OF NEW HAYEN<br><br>Defendants | DOCKET NO. 3:11cv1796 (CSH)<br><br><br><br><br>OCTOBER 31, 2013 |

## NOTICE OF JOINT FILING OF MODIFIED SETTLEMENT AGREEMENT

The Plaintiffs Lakeya Wilkins and Tonyawana Williams and the Defendants Housing Authority of the City of New Haven and Karen DuBois-Walton hereby submit, by joint filing, the attached Modified Agreement and Proposed Order to Show Cause (dated October 18, 2013). The Modified Agreement includes copies all of the relevant exhibits referenced in the document.

Respectfully Submitted

**THE PLAINTIFFS,**
**LAKEYA WILKINS &**
**TONYAWANA WILLIAMS**


BY:_/s/  Amy D. Marx_____
         Amy D. Marx (CT23647)
         Shelley A. White (CT05727)
         Allison M. Near (CT27241)
         New Haven Legal Assistance Assoc.
         426 State Street
         New Haven, CT 06510
         Tel: (203)946-4811
         Fax:(203)498-9271
         *Their Attorneys*

## CERTIFICATION

I hereby certify that on October 31, 2013, that a copy of the foregoing Notice of Filing

with attached Modified Settlement Agreement and Order to Show Cause was filed

electronically. Notice of this filing will be sent by e-mail to all parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.


         _/s/    Amy D.Marx_____
         Amy D. Marx (CT23647)
         New Haven Legal Assistance Assoc.
         426 State Street
         New Haven, CT 06510
         Tel: (203)946-4811
         Fax: (203)498-9271

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAKEYA WILKINS &<br>TONYAWANA WILLIAMS<br><br>Plaintiffs,<br><br>V.<br><br>HOUSING AUTHORITY OF<br>THE CITY OF NEW HAVEN,<br><br><br><br>KAREN DUBOIS-WALTON,<br>Executive Director<br>of the HOUSING AUTHORITY OF<br>THE CITY OF NEW HAVEN<br><br>Defendants | DOCKET NO. 3:11cv1796 (CSH)<br><br><br><br>October 18, 2013 |

## MODIFIED SETTLEMENT AGREEMENT

WHEREAS, this Settlement Agreement (hereafter "Agreement) is made by and between the Plaintiffs and the Defendants in the case captioned Wilkins v. Housing Authority of the City of New Haven, pending in the United States District Court for the District of Connecticut, Case No. 3:11cv1796 (CSH); and

WHEREAS, the parties have made substantial progress towards resolution of issues in the case and the provision of relief to the Plaintiffs and similarly situated tenants; and

{00591764.DOCX Ver. 1}

WHEREAS, the purpose of this Modified Agreement is to resolve fully and finally and dispose of the remaining differences between the Plaintiffs and the Defendants; and

WHEREAS, the parties have disagreed regarding the prior implementation of this agreement.

The parties agree to the entry of this Settlement Agreement as follows:

1.      The Defendants agree to:

        a.      Abide by the provisions of the Defendants' Admissions and Continued Occupancy Policy ("ACOP") pertaining to the minimum rent requirement and the process for obtaining hardship exemptions from such requirement which provisions are attached hereto as Exhibit A.

        b.      Provide, no later than 30 days after the execution of this Agreement, hardship exemption credits, and corresponding monetary payments of amounts due as a result of such credits, to all tenants who were subject to the minimum rent requirement between November 18, 2008 and November 18, 2011 for every month that such tenants were subject to such requirement ("historical credits"). Such historical credits may be offset against existing amounts owed to the Defendant Housing Authority for unpaid back rent except for historical credits representing underpayments of utility allowance payments which must be sent to each such tenant even if the tenant owes an arrearage for back rent.

        c.      HANH will take appropriate steps to correct the problems created by the late issuance of checks to tenants who were receiving utility allowance checks during the "historical period" by:

                • Removing all charges that represent monies paid to the tenant that were not owed to the tenant at the time of issuance of the check. HANH will

{00591764.DOCX Ver. 1}2

take no action to recoup this money and each tenant who received such check(s) will have his/her ledger adjusted to eliminate any charges arising from these improper payments;

- Removing all positive charges placed on tenant accounts as a result of the audit.

- Working with Plaintiffs' counsel to ensure that tenants who detrimentally relied on HANH's improper application of utility allowance credits were not financially harmed by the subsequent issuance of utility allowance checks.

The above described actions will be completed by November 30, 2013. HANH will provide copies of rent ledgers for all tenants who were entitled to receive utility allowance payments for the historical period no later than November 30, 2013.

d. Continue utilizing the form notice attached hereto as Exhibit C ("RESIDENT NOTIFICATION OF $50 MINIMUM RENT") each time an initial review of the tenant's income results in the tenant's rent being set at the $50 minimum rent (including tenants receiving utility allowance payments which are lowered by the $50 minimum rent) or in the event the tenant's short-term or long-term hardship exemption has been terminated after a periodic review. In the event a tenant requests a hardship exemption at the time of his or her initial review, he or she will not receive an Exhibit C.

e. In the event a tenant requests a hardship exemption or has been referred to the Hardship Review Committee he or she will receive a "RENT CHANGE NOTIFICATION – RESIDENT NOTIFICATION OF ZERO RENT" (attached hereto as Exhibit G). If a tenant who has been previously determined to have a long term hardship comes in for an annual re-

{00591764.DOCX Ver. 1}3

certification, and is determined to still be subject to the minimum rent requirement, HANH will send such tenant Exhibit I ("RE-CERTIFICATION RENT STATUS NOTICE").

   f.  Utilize the form notice attached hereto as Exhibit D  ("HARDSHIP REVIEW COMMITTEE NOTICE") each time a tenant requests a hardship exemption or is referred to the Hardship Review Committee ("HRC") by an employee of Defendant Housing Authority which notice shall notify such tenant of the receipt of such application or referral and the date, time, and place for the tenant to meet with the HRC.

   g.  Continue utilizing the form notice attached hereto as Exhibit E ("HARDSHIP EXEMPTION DECISION NOTICE")  each time a decision is made on a tenant's application for a hardship exemption whether as a result of a meeting between the tenant and the HRC or as a result of the tenant failing to attend such a meeting.

   h.  Upon HANH's proposed determination that a hardship should be terminated, either upon periodic review or because the tenant is no longer on minimum rent due to a re-certification, the tenant will receive the attached Exhibit H ("PROPOSED TERMINATION OF HARDSHIP EXEMPTION NOTICE" ).

   i  Utilize Exhibit J ("LONG TERM HARDSHIP CONTINUATION REVIEW MEETING NOTICE") when HANH intends to conduct a review of long term hardship exemptions.

   j.  Utilize Exhibit K ("CONTINUED HARDSHIP EXEMPTION DECISION NOTICE") when HANH conducts a periodic review of a minimum rent tenant currently approved for a long term hardship and determines that there no basis for terminating such long term hardship.

k.      Continue to conduct training of all employees of the Defendant Housing
Authority on as needed basis. (except employees whose job duties would never involve
communicating with tenants about rent recertifications, minimum rent, or hardship exemptions
such as maintenance, finance, and technical support employees). For new employees, such
training shall be conducted no later than 15 days after such employee commences to work for
HANH and such training shall include, but not be limited to:

- The criteria for, and the availability of, hardship exemptions from the
  minimum rent requirement;

- The process by which tenants can apply for a hardship exemption,
  including applicable forms;

- The requirement of HANH employee's to refer the tenant to the Hardship
  Review Committee when information provided by the tenant shows the
  tenant's eligibility for a hardship exemption as set forth in the ACOP;

- The obligation of, and the process by which, Defendants' employees will
  suspend application of the minimum rent requirement on the first of the
  month following the tenant's application or employee referral; and

- The requirement that non-elderly, non-disabled tenants participate in the
  Defendant's Family Self Sufficiency ("FSS") program as a condition of
  receiving a long-term hardship exemption and the exclusion of elderly and
  disabled tenants from such FSS program requirements;

- The criteria for review of a previously-authorized long-term hardship
  exemption; and

{00591764.DOCX Ver. 1}5

           •   The duty of Defendants to provide written notice when a hardship
exemption is terminated as a result of such review.

Additional training must be provided to any employee who serves, or who will serve, as an HRC member regarding the conduct of meetings with tenants, the preparation of a summary of the meeting, and the required content and form for written notices of decision.

Defendants shall provide the Plaintiffs' counsel with the names of all employees trained, including new employees, the date of training, and the name of the trainer within 48 hours of such training.

     l.      HANH shall provide the Plaintiffs with copies of all correspondence regarding application of the minimum rent requirement or hardship exemptions, not previously provided, upon reasonable request. All such correspondence may be redacted as to name and address but shall include the identifying number previously associated with such tenant.

     m.     Upon request by Plaintiff's counsel, HANH shall provide copies of any historical correspondence or documents regarding the application of the minimum rent requirements or hardship exemptions, not previously provided.

     n.     Beginning October 1, 2013 and ending on April 30, 2014 Defendants will provide to Plaintiffs, by the fifteenth of each month, copies of all correspondence with tenants subject to the minimum rent (i.e. on minimum rent or on a hardship exemption from minimum rent) requirement or involved in the hardship review process including, but not limited to:

           •   All ledgers for tenants on minimum rent or hardship exemption within the
thirty days preceding such production;

           •   All minimum rent notices (i.e., the form notices attached hereto as Exhibit
C);

- Zero rent notices (i.e. Exhibit G)
- All requests for hardship exemptions made by tenants;
- All referrals of tenants subject to the minimum rent requirement to the HRC made by employees of the Defendant Housing Authority;
- All notice(s) of scheduled  meetings with the HRC (i.e., the form notices attached hereto as Exhibit D and Exhibit J), including notices for meetings that involve reviews of new requests for hardship exemptions and reviews of previously-approved long-term hardship exemptions;
- All summaries of HRC meetings; and
-  All notices of decisions regarding hardship exemptions including approvals, denials, continuations, and terminations of previously-approved long-term hardship exemptions (i.e., the form notices attached hereto as Exhibit E excluding FSS documents ).

Such correspondence may be redacted as to the name and address of the tenant, but shall include an identifying number which shall be used for any subsequently provided documents pertaining to such tenant and shall identify the development in which the tenant resides. All documents shall be produced in a PDF searchable format.

2.      The Defendant has already paid HANH the sum of $50,000.00 in attorney's fees and costs for the prosecution of this action. By no later than thirty days following the execution of this agreement, HANH will pay Plaintiffs' counsel the sum of $40,000.00, which sum shall encompass all monitoring efforts in connection with this agreement. By acceptance of such sum, Plaintiffs' counsel agrees that no further attorneys' fees shall be sought for the monitoring of this Agreement, through and including the execution of this Agreement.  Plaintiffs reserve their right

to file for additional attorneys' fees, for work performed in connection with any motion to enforce this Modified Settlement Agreement and for worked performed after execution of this Modified Agreement, in the event that this Settlement Agreement is not dissolved on April 30, 2014, as currently intended by the parties.

3.     The parties agree that the previous Motion for Certification of Class Action as denied by the Court remains moot in light of this Agreement and any prior Agreements.

4.     The parties understand that acts or conditions for violations of this Modified Agreement occurring after the signing of this Modified Agreement may be the basis for a motion to enforce this Modified Settlement Agreement brought by the Plaintiffs to the Court. In addition, the parties agree that the United States District Court for the District of Connecticut shall retain jurisdiction to enforce this Modified Settlement Agreement. The parties agree that, prior to the filing of any motion for enforcement, Plaintiffs shall provide written intent of their intent to file such a motion and shall contact the Chambers of United States Magistrate Judge Joan Glazer Margolis to determine her availability to meet with the parties and mediate such matter.

5.     The parties agree that the Court may enter an Order to Show Cause, subsequent to the execution of this Agreement, why this Settlement Agreement should not be dissolved, and this case dismissed under Fed. R. Civ. P. 41, on April 30, 2014. For the Court's convenience, the parties have attached a draft Order to Show Cause as Exhibit F hereto. The Plaintiffs may respond to the Order to Show Cause contemplated in Exhibit F on or before April 30, 2014 to assert good cause to stay the dissolution of this Agreement. The Court shall thereafter schedule the matter for a hearing as to whether Plaintiffs can establish their burden of showing good cause exists for not dissolving the Settlement Agreement and dismissing the case; provided, that the

parties shall agree to attempt to mediate such alleged good cause, before U.S. Magistrate Judge Joan Glazer Margolis, or, such other Magistrate Judge or Parajudicial Officer as the Court may appoint, before such hearing.

6.      The parties agree that this Modified Agreement shall be final and binding. The parties agree not to challenge the enforceability, legality, or final and binding nature of this Modified Agreement in any court or other forum.

7.      The parties further agree that should the material requirements of federal law change with respect to minimum rent eligibility, minimum rent hardship exemption eligibility, and/or Moving to Work requirements, that Defendants will be bound by the requirements of federal law. The parties agree to meet, and, if necessary, mediate with the Court, whether such changes necessitate any modification of Defendants' obligations under this Agreement based on such changes.

8.      This Modified Agreement shall be binding upon, inure to the benefit of, and be enforceable by the parties to this Agreement or by any tenant subject to the minimum rent requirement.

9.      This Modified Agreement shall be interpreted, enforced, and governed under the laws of the State of Connecticut.

10.     The parties specifically acknowledge that there is valid and sufficient consideration contained in and for this Modified Agreement.

11.     The parties acknowledge that they have thoroughly reviewed this Modified Agreement, understand its terms, and have had sufficient opportunity to consider its terms and to obtain legal advice and counsel about all aspects of this Agreement prior to signing it.

IN WITNESS WHEREOF, the parties have hereunto set their hands.

THE PLAINTIFFS,
LAKEYA WILKINS &
TONYAWANA WILLIAMS

BY: _____

Amy D. Marx (CT23647)
Shelley A. White (CT05727)
New Haven Legal Assistance Assoc.
426 State Street
New Haven, CT 06510
Tel: (203)946-4811
Fax: (203)498-9271
*Their Attorneys*

THE DEFENDANTS,

HOUSING AUTHORITY OF THE CITY
    OF NEW HAVEN
& KAREN DUBOIS-WALTON

BY: _____

Karen DuBois-Walton
Executive Director
Housing Authority of the City of New
Haven

### Q. MINIMUM RENT

#### 1. Applicability

Families with Annual Income below $2,500 annually shall pay the minimum rent of $50.00 per month.

All families placed on minimum rent with the exception of elderly and disabled families will be referred to the Family Self Sufficiency Program.

If a family is unable to pay the minimum rent because of a financial hardship, the family is eligible for a temporary or long-term hardship exemption from the minimum rent requirements.

All families placed on minimum rent must be informed in writing of the procedures for applying for a hardship exemption from the Minimum Rent Requirement and the ability to have minimum rent waived.

All families who apply for such hardship exemption, with the exception of elderly persons and persons with disabilities, will be referred to the Family Self Sufficiency Program in order to assist the family in moving towards self sufficiency.

HANH will notify all families of their right to request a hardship exemption from the minimum rent requirements and in accordance with the provisions set forth herein. Residents will be notified of their right to request a hardship exemption through the Application for Exemption from Minimum Rent, a copy of which will be provided to tenants at lease-up and at each recertification appointment and mailed to residents at each interim recertification. The policy and procedures for requesting such hardship exemption will also be included in tenant rent change notifications, the form lease agreement and all form documents related to the exemption process.

#### 2. Criteria for Hardship Exemption From Minimum Rent Requirement

A family is automatically exempt from the minimum rent requirements for a 90 day period when the family's circumstances fall into any one of the following criteria:

1. When a family has lost eligibility or is awaiting eligibility determination from a Federal, State or local assistance program;
2. When the family would be evicted because it is unable to pay the minimum rent;



3.    When the income of the family has decreased because of changed circumstances, including loss of employment;

4.    When a death in the family has occurred; or

5.    Other circumstances determined by HANH to be reasons to waive the minimum rent requirement (collectively, the "Criteria for Minimum Rent Exemption").

If a family is unable to pay the minimum rent because of a financial hardship, the family is eligible for a temporary or long-term hardship exemption from the minimum rent requirement.

A temporary hardship exemption exists when none of the above criteria is expected to last for more than 90 days.

A long-term hardship exemption exists when at least one of the above criteria is expected to last for more than 90 days.

A family may only receive one hardship exemption from the minimum rent requirement during a twelve month period, unless a tenant is elderly, disabled, or is enrolled in HANH's Family Self Sufficiency Program. The minimum rent requirement may be waived more than once during a twelve month period if at least one adult member of the household enrolls in the Family Self Sufficiency Program (the "FSS Program"). Elderly and disabled families are not required to enroll in the FSS Program.

Once the Authority identifies a resident's need for a hardship exemption from the minimum rent requirement or the family requests such exemption, the minimum rent shall be suspended immediately for a period of 90 days.

## 3. Initiation of Hardship Exemption Review

An Application for Exemption from Minimum Rent may originate from either a HANH employee or the resident family.

HANH employees must complete and submit an Application for Exemption from Minimum Rent on behalf of a resident family whenever any evidence exists that the family falls into any one of the Criteria for Minimum Rent Exemption (as set forth above).

A resident family also has the right to request a hardship exemption from minimum rent. Such request must be in writing and must state the family circumstances that qualify the family for a hardship exemption.

## 4. Notification of the Right to a Hardship Exemption

HANH will notify all families of the ability to receive a hardship exemption from minimum rent and the procedures for applying for such a hardship exemption in the Application for Exemption from Minimum Rent, a copy of which will be provided to residents at lease up and at each recertification appointment or mailed to residents for interim recertifications.

HANH will also notify all families in writing of the ability to receive a hardship exemption from minimum rent and the procedures for applying for such a hardship exemption in the following documents: resident rent change notifications when monthly rent is set at the minimum rent, the form lease agreement and all form documents related to the hardship exemption process.

HANH will also notify all families in all of the above documents that all families that are exempt from the minimum rent requirement will be referred to the Family Self Sufficiency (FSS) Program in order to assist the family in moving toward self sufficiency. Elderly and disabled families are not required to participate in the FSS program.

## 5. Hardship Review Committee

All "Applications for Exemption from Minimum Rent" shall be forwarded to the Hardship Review Committee.

The Hardship Review Committee shall consist of the Executive Director or his/her designee, the Chief Operations Officer or his/her designee, the Service Center Director or his/her designee, and the Assistant Executive Director of Community and Economic Development or his/her designee. At the family's option, the Hardship Review Committee may include one (1) resident of HANH who is in good standing.

The Application for Exemption from Minimum Rent shall originate from the family or from a HANH employee whenever evidence exists that the family falls into any one of the Criteria for Minimum Rent Exemption.

When a resident submits an application or a HANH employee submits an application on behalf of a resident, HANH will suspend the minimum rent requirement commencing on the first of the month following the date of the application for a period of 90 days.

The resident cannot be evicted for nonpayment of minimum rent while resident's Application for Exemption from Minimum Rent is pending or during the 90 day period of suspension, whichever is longer.

The Hardship Review Committee shall send a letter to all resident families who have applied for hardship exemption from minimum rent stating:

- (a) that HANH has received an Application for Exemption from Minimum Rent,

- (b) that HANH will suspend the minimum rent requirement for 90 days effective as of the first of the next month and the effective dates of the 90 day suspension,

- (c) that there can be no eviction for non-payment of rent during the suspension period;

- (d) the date for a meeting with the resident to discuss the hardship exemption request, giving the resident family at least ten days advance notice of such meeting and informing the resident that he or she may have one opportunity to reschedule the meeting; and

- (e) that, with the exception of elderly and disabled families, the resident family has been referred to the FSS program and will not be able to receive a hardship exemption in excess of 90 days without enrolling in the program.

The Hardship Review Committee will review the circumstances surrounding the request and determine if the request is temporary, long term or nonexistent.

1.    If the Committee determines that *the hardship is of a temporary nature (the hardship is expected to last less than 90 days)*, at the end of the 90-day period, the resident's rent will be reinstated to the minimum rent retroactively to the initial date of suspension. The resident will have an opportunity to enter into a reasonable repayment agreement with HANH for any back rent that is due and owing to HANH.

2.    If the Committee determines that the *hardship is of a long-term nature (the hardship is expected to last more than 90 days)*, the tenant shall be exempt from the minimum rent requirement from the first of the month following the date of the application for exemption from the minimum rent until such time that the hardship no longer exists.

HANH may deny a resident a long-term exemption from the minimum rent requirement, if the resident fails to attend the scheduled meeting with the Hardship Review Committee. HANH will provide each resident one opportunity to reschedule the meeting. If the resident fails to attend the scheduled meetings, HANH may deny the long-term exemption from the

minimum rent requirement.   The letter scheduling the meeting shall inform residents that persons with disabilities are entitled to reasonable accommodation with regard to this requirement.

Except for Elderly or Disabled families, no tenant shall be exempt from the minimum rent requirement for more than 90 days during a one year period unless at least one member of the family who is 18 years of age or older enrolls and actively participates in HANH's FSS Program for job or benefit counseling.   Such family member(s) shall enroll in the FSS Program within 30 days from the date of the Application for Exemption from Minimum Rent.

3.    If the **hardship is determined to be non-existent,** the resident will be responsible for paying rent to HANH for any rent that was suspended while tenant's Application for Exemption from Minimum Rent was pending. The minimum rent shall be re-instated retroactively to the initial date of the suspension. The resident will have an opportunity to enter into a reasonable repayment agreement with HANH for any back rent that is due and owing to HANH.

Upon completion of the review process, the Hardship Review Committee shall render a written recommendation to the Executive Director, who shall then adopt or reject the recommendation and shall issue a written decision that states as follows:

1. If the hardship exemption is determined to be temporary:

   (a) that a temporary hardship exemption was granted;

   (b) the effective dates of the exemption;

   (c) the basis for the decision to grant a temporary hardship exemption, including that a long-term exemption was denied and the reason that such long-term exemption was denied; and

   (d) that the resident has a right to enter into a reasonable repayment agreement with HANH for the minimum rent that was suspended and is now owing to HANH.

2. If the hardship exemption is determined to be long-term:

   (a) that a long-term hardship exemption was granted;

(b) whether the long-term exemption is permanent or subject to periodic review and, if subject to periodic review, when such review will take place;

(c) that all non-elderly, non-disabled residents are required to comply with FSS requirements as a condition of the receipt of a long-term exemption; and

(d) that the resident must notify HANH within 10 days if the hardship ceases to exist because the resident has obtained a source of income sufficient to pay (at least) the minimum rent.

3. If the hardship is determined to be non-existent:

(a) that a hardship exemption was denied;

(b) the reason for such determination; and

(c) the terms and conditions on which the resident family must pay back the minimum rent that was suspended and is now owing to HANH.

All letters concerning Hardship Review Committee determinations shall state that any resident who disagrees with the decision may request a grievance in accordance with HANH's grievance procedures, a copy of which will be included with the written decision. In cases where a grievance is sought, no action shall be taken by HANH until the grievance process is completed.

## 6. Termination of Long-Term Exemptions

HANH may conduct periodic reviews of all long-term hardship exemptions to determine if the hardship continues to exist and, for non-elderly and non-disabled residents, whether the resident is complying with FSS requirements.

If HANH determines that a family is no longer eligible for a long-term hardship exemption (because the hardship no longer exists or the non-elderly/non-disabled tenant has not complied with FSS requirements), HANH shall notify the family of the proposed termination of the long-term hardship exemption, the effective date of the proposed termination, and the reason for such proposed termination. This letter shall be delivered to the resident by first class mail no later than thirty (30) days prior to the effective date of the proposed termination. Any resident who disagrees with the proposed termination may request a grievance in accordance with HANH's grievance procedures, a copy of which will be included in the notice of termination. In cases where an appeal is sought, no action shall be taken by HANH until the grievance process is completed.

The Executive Director may waive any or all of these requirements in cases where he/she determines that the hardship conditions are likely to be permanent.

# V. VERIFICATION PROCEDURES

Public housing is a means tested program – that is, the rents residents pay are based on their incomes and the deductions for which the families qualify. Unless the HANH performs high quality verification, the HANH may not charge the correct rent and HUD may under or over-subsidize the program. HANH will conduct verification in accordance with the procedures set forth in the **Procedures on Verification.**

HUD regulations require that the factors of eligibility and Total Tenant Payment be verified by HANH. Applicants and program residents must furnish proof of their statements whenever required by HANH, and the information they provide must be true and complete. HANH's verification procedures are designed to meet HUD's requirements and to maintain program integrity. HANH will ensure that proper authorization for release of information is always obtained from the family before making verification inquiries.

## A. METHODS OF VERIFICATION AND TIME ALLOWED

### Requirements for Third Party Verification

Third-party verification (which includes up-front verification) is required for all factors related to:

- a. reported family income;
- b. the value of assets; and (c) expenses related to Exceptional Expenses from annual income. In addition, HANH uses the same standards for verifications related to applicant screening and qualification for preferences.

There are situations in which third party verification is not available. Exceptions to the third-party verification requirements include instances where:

- a. HANH made at least 2 documented attempts to obtain third party verification, without success.
- b. The income source does not have the capability to provide written or oral third party verifications.

 Housing Authority New Haven

## PUBLIC HOUSING - RENT CHANGE NOTIFICATION
### RESIDENT NOTIFICATION OF $50.00 MINIMUM RENT

8/23/2013



Entity ID:  000118752

The recently completed review of your annual income and household composition has resulted in your tenant rent being set at $50 Minimum Rent due to:

[X] Annual Certification  [] Interim Certification  [] New Admission  [] Unit Transfer

Total Tenant Payment (TTP):
Utility Allowance:
Total Utility Allowance Payment (TTP - Utility Allowance):

These changes will become effective on .

Your rent has been set at the Minimum Rent of $50.00 because your household has an annual income below $2,500.  If you receive a utility check from HANH, the $50 Minimum Rent will be deducted from your monthly utility allowance.

If you are unable to pay the Minimum Rent or receive a utility allowance and are unable to pay your utility bill, you may be eligible for a Temporary or Long-Term Hardship Exemption.  Minimum Rent can be waived once during a twelve month period (except for Elderly and Disabled families for whom there is no limit and/or for families enrolled in the Family Self Sufficiency (FSS) Program for whom there is no limit).

A family on Minimum Rent is automatically exempt from Minimum Rent for 90 days when any of the following occurs:

1.  When the family has lost eligibility or is awaiting eligibility determination for federal, state or local assistance;

2.  When the family would be evicted because it is unable to pay the Minimum Rent;

3.  When the income of the family has decreased because of changing circumstances, including loss of employment;

4.  When a death in the family has occurred; or



 **H  sing Authority New Haven**

## PUBLIC HOUSING - RENT CHANGE NOTIFICATION
### RESIDENT NOTIFICATION OF $50.00 MINIMUM RENT

5. Other circumstances determined by HANH to be reasons to waive the Minimum Rent requirement.

If you think you may be entitled to a Hardship Exemption from Minimum Rent please fill out the enclosed Application for Exemption from Minimum Rent and return it to my attention.

Once you have completed an Application for Hardship Exemption or a Housing Authority employee has made a referral on your behalf for a Hardship Exemption, the Minimum Rent is suspended (which means you are charged zero rent) on the first day of the month following the request. This suspension continues until the Hardship Review Committee meets to determine whether your hardship is Temporary, Long-Term, or Non-Existent.

If the Hardship Review Committee decides that your hardship is Temporary or Non-Existent, Minimum Rent will be reinstated and you will be offered a reasonable repayment agreement to pay back the Minimum Rent that was waived.

If the Hardship Review Committee decides that your hardship is Long-Term, you will be notified of the rules and requirements for such Long-Term Hardship.

If you dispute the decision as to your application for Hardship Exemption, you may request an informal grievance conference/hearing to resolve this dispute. You must contact our office in writing within fourteen (14) calendar days of the date of this letter. If a grievance hearing is requested, HANH will not take any further action until the grievance process is completed.

For your convenience, a grievance conference/hearing request form is attached. If you do not request an informal grievance within fourteen (14) days from the date of this letter, you will have waived your right to dispute HANH's decision on this matter.

If you have any questions regarding this letter or any other questions about Minimum Rent or Hardship Exemptions, please call Griselle Brenes at (203) 498-8800.

Sincerely,

Griselle Brenes



Housing Authority of the City of New Haven
360 Orange Street
P. O. Box 1912
New Haven, CT   06503-1912

**Telephone (203) 498-8800   FAX: (203) 497-9259          TDD: (203) 497-8434**

## HARDSHIP REVIEW COMMITTEE MEETING NOTICE
## LOW INCOME PUBLIC HOUSING



Dear

The Elm City Communities of the Housing Authority of the City of New Haven (HANH) has received an Application for Hardship Exemption (that you filled out or that was filled out by a HANH employee on your behalf) for you to receive a Hardship Exemption from Minimum Rent dated _____.

Because we have received this application, HANH has suspended the Minimum Rent requirement of $50.00 for 90 days effective _____ (the first day of the month following the receipt of your Application for Hardship Exemption). This means that you will be charged $0 rent for the next three months while your Application for a Hardship Exemption is reviewed. If you receive a utility allowance, your utility allowance payment will be for $50 more.

Your application has been sent to the Hardship Review Committee to make a decision as to whether your Hardship Exemption is Temporary (hardship is expected to last less than 90 days), Long-Term (hardship expected to last more than 90 days), or Non-Existent (no hardship at all).

In order to make this decision, the Hardship Review Committee MUST meet with you. A Hardship Review Committee appointment has been scheduled for:

Date:
Time:
Place:

Please bring documentation showing one or more of the following reasons why you may qualify for an Exemption from the Minimum Rent:

{00490955.DOC Ver. 1}MR Exemption Receipt Letter
Revised7/12 ER



EXHIBIT
tabbies
D

- Your family has lost eligibility or is awaiting eligibility determination for a federal, state or local assistance program;

- Your family would be evicted because it is unable to pay the minimum rent;

- The income of your family has decreased because of changing circumstances, including loss of employment;

- A death has occurred in your family; or

- Any other circumstances to be considered by HANH to be reasons to waive the minimum rent requirement.

If you fail to attend the above scheduled Hardship Review Committee meeting, HANH will reschedule a second meeting. If you fail to attend the second scheduled meeting, HANH will determine that no hardship exists, resume charging you $50 Minimum Rent, and require repayment of the Minimum Rent that has been suspended.

**If you are unable to attend the Hardship Review Committee meeting or comply with the above request for documentation due to a disability, you may apply for a waiver of these requirements as a reasonable accommodation of your disability. To do so, please contact Teena Bordeaux, Reasonable Accommodation Coordinator, at 203-498-8800 ext. 1507.**

If your Hardship Exemption is determined to be temporary or Non-Existent, you will be required to repay the Minimum Rent which has been suspended for 90 days. If your Hardship Exemption is determined to be Long-Term, you will remain on zero rent until your hardship ends. If you receive a utility allowance, you will continue to receive $50 more in your utility allowance payment. All recipients of Long-Term hardships must participate in the Family Self Sufficiency (FSS) Program, unless determined to be elderly or disabled.

Please also be advised that HANH will not pursue an eviction for non-payment of rent during the suspension period or any period of exemption from minimum rent.

Unless you are elderly or disabled resident, you will be referred to the Family Self Sufficiency (FSS) Program and will need to participate in the FSS program in order to qualify for an exemption from the Minimum Rent of $50 beyond the short term of 90 days.

**If you have questions with this letter or you need to reschedule the Hardship Review Committee meeting, please contact Jasmine Ruiz, Sr. Administrative Assistant, at (203) 498-8800 ext. 1101.**

Sincerely,

*Evelise Ribeiro*
*Evelise Ribeiro*
*Housing Choice Voucher Director*



Housing Authority of the City of New Haven
360 Orange Street
P. O. Box 1912
New Haven, CT   06503-1912

**Telephone (203) 498-8800   FAX: (203) 497-9259          TDD: (203) 497-8434**

### HARDSHIP EXEMPTION DECISION NOTICE

Date

_____
_____
_____

Dear    _____:

The Hardship Review Committee met with you on [ADD DATE], and the Housing Authority has made the following determination regarding your Application for Hardship Exemption from Minimum Rent:

### [box]  You have been granted a Temporary Hardship Exemption.

Reason for the decision (why a Temporary Hardship was granted and a Long-Term Hardship was denied):

Your hardship exemption began on _____ and will end on _____.

Because your hardship has been determined to be Temporary, rather than Long-Term, you will need to repay the Minimum Rent that was waived for the 90 day Minimum Rent suspension period.  You will be contacted by HANH to enter a reasonable repayment plan.

### [box]  You have been granted  a Long-Term Hardship Exemption.

| | |
|---|---|
| Effective Date: | _____ |
| Total Tenant Payment (TTP) | _____ |
| Utility Allowance | _____ |
| Total Utility Allowance Payment | |
| (TTP – Utility Allowance) | _____ |

Reason why the Long-Term Hardship was granted:

{00490958.DOC Ver. 1}



Certain Long-Term Hardships are subject to a periodic review:

[box] You will have a periodic review of your Long-Term Hardship on [INSERT DATE]. You will receive a letter closer to the periodic review meeting date setting forth the time and location of the meeting.

[box] Your Long-Term hardship is Permanent. You do not need to attend periodic review meetings.

You must notify HANH within 10 days if your Long-Term Hardship ceases to exist because you have obtained a source of income sufficient to pay (at least) the Minimum Rent or other circumstances for which the hardship exemption was granted cease to exist.

All non-elderly and non-disabled residents are required to participate in the FSS program as a condition of the receipt of a Long-Term Hardship.

[box] You have been determined to be non-elderly and non-disabled and therefore required to participate in the FSS program.

[box] You have been determined to be elderly and or disabled and therefore Not required to participate in the FSS program.

**[box] <u>Hardship Determined to be Non-Existent.</u>**

The reason for the denial:

Because HANH has determined that you do not have any hardship, your Minimum Rent will be reinstated immediately. You will be contacted by HANH to enter a reasonable repayment plan.

**<u>Grievance Process</u>**

If you disagree with the above decision regarding your Application for Hardship Exemption, you may request an informal grievance conference/hearing to resolve this dispute. You must contact our office in writing within fourteen (14) calendar days of the date of this letter. If a grievance hearing is requested, HANH will not take any further action until the grievance process is completed.

For your convenience, a grievance conference/hearing request form and a copy of HANH's grievance procedures are attached. If you do not request an informal grievance within fourteen (14) days from the date of this letter, you will have waived your right to dispute HANH's decision on this matter.

**If you have any questions with this letter, please contact [add contact name and phone number].**

Sincerely,

Karen DuBois-Walton
Executive Director

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAKEYA WILKINS &<br>TONYAWANA WILLIAMS | |
| | DOCKET NO. 3:11cv1796 (CSH) |
| Plaintiffs, | |
| V. | |
| HOUSING AUTHORITY<br>OF THE CITY OF<br>NEW HAVEN, | |
| | OCTOBER 31, 2013 |
| KAREN DUBOIS-WALTON,<br>Executive Director<br>of the HOUSING AUTHORITY<br>OF THE CITY OF NEW HAYEN | |
| Defendants | |

### ORDER TO SHOW CAUSE

Pursuant to a modified Settlement Agreement (dated October 18, 2013) filed jointly by the parties on October 31, 2013, the Court ORDERS the plaintiffs to demonstrate good cause why such Settlement Agreement and any continuing duties arising out of said Agreement should not be dissolved on April 30, 2014 and the case not dismissed at that time under Rule 41.

Plaintiffs must file any response to this Order by April 30, 2014, in which case the matter would be referred for mediation prior to a hearing as set forth in the Settlement Agreement.

_____
Charles S. Haight, Jr.
United States District Court Judge



EXHIBIT
F



F̃ᵘ·using Authority New Haven

## PUBLIC HOUSING - RENT CHANGE NOTIFICATION
### RESIDENT NOTIFICATION OF EXEMPTION OF MINIMUM RENT



Your rent has been set at ZERO because you (or a HANH employee on your behalf) have requested a hardship exemption from the $50 minimum rent requirement. If you are being sent a utility allowance check, that check will have $50 added to the check.

[] Annual Certification  [X] Interim Certification  [] New Admission  [] Unit Transfer

Total Tenant Payment (TTP):                              $0
Utility Allowance:                                       $0
Total Utility Allowance Payment (TTP - Utility Allowance):$0

These changes will become effective on

Since you have completed an Application for Hardship Exemption or a Housing Authority employee has made a referral on your behalf for a Hardship Exemption, the Minimum Rent is suspended (which means you are charged zero rent or receiving a utility allowance check that is $50 higher ) on the first day of the month following the request. This suspension continues until the Hardship Review Committee meets with you to review this hardship request.

If the Hardship Review Committee decides that your hardship is temporary or Non-Existent Minimum Rent will be reinstated and you will be offered a reasonable repayment agreement to pay back the Minimum Rent that was waived.

If the Hardship Review Committee decides that your hardship is Long-Term, you will continue to be on zero rent (or to receive a utility allowance check which is $50 higher) and you will be notified of the rules and requirements for such Long-Term Hardship.

You will separately be sent a notice in the mail with the date for your meeting with the Hardship Review Committee.

If you have any questions regarding this letter or any other questions about Minimum Rent or Hardship Exemptions, please call Yaritza Damiani at (203) 498-8800.



EXHIBIT
6



Housing Authority New Haven

## PUBLIC HOUSING - RENT CHANGE NOTIFICATION
## RESIDENT NOTIFICATION OF EXEMPTION OF MINIMUM RENT

Sincerely,

Yaritza Damiani



Housing Authority of the City of New Haven
360 Orange Street
P. O. Box 1912
New Haven, CT   06503-1912

**Telephone (203) 498-8800   FAX: (203) 497-9259          TDD: (203) 497-8434**

## NOTICE

### PROPOSED TERMINATION OF
### HARDSHIP EXEMPTION

Date

_____
_____
_____

Dear   _____ :

The Housing Authority of the City of New Haven recently reviewed your continued eligibility for a long term hardship exemption from minimum rent.

As a result of this review, HANH has determined that you are no longer eligible for a longterm hardship exemption from minimum rent for the following reason:

       _____We have determined that you now have a source of income to pay the $50 minimum rent [EXPLAIN]

       _____ You have not complied with your obligations under the Family Self Sufficiency Program [See attached letter from FSS explaining your non-compliance]

Therefore, HANH intends to terminate your hardship exemption and reinstate your minimum rent obligation of _$50_ effective [ DATE- which must be a minimum of thirty days from the date of the notice].   If you receive a utility allowance check, you will receive $50 less.

If you disagree with the proposed termination of your hardship exemption, you may request an informal grievance hearing to resolve this dispute. To do so, you must contact our office in writing within thirty) calendar days of the date of this letter.  If a grievance hearing is requested, HANH will not take any further action until the grievance process is

{00597591.DOC Ver. 1}



completed.   For your convenience, a grievance hearing request form and a copy of HANH's grievance procedures are attached.   If you do not request a grievance within thirty days from the date of this letter, you will have waived your right to dispute HANH's decision on this matter and your rent obligation will be reinstated.

If you have any questions with this letter, please contact  [add contact name and phone number].

Sincerely,


Karen DuBois-Walton
Executive Director



Housing Authority of the City of New Haven
360 Orange Street
P. O. Box 1912
New Haven, CT   06503-1912

**Telephone (203) 498-8800   FAX: (203) 497-9259          TDD: (203) 497-8434**

## RE-CERTIFICATION RENT STATUS NOTICE

Date

———
———
———

Dear   (TENANT):

The Housing Authority of the City of New Haven recently completed your
recertification.  Please note that you are still subject to the $50 minimum rent from which
you have been exempted on the grounds of hardship.

This means you will continue to pay $0 rent (or if you receive a utility allowance check,
the amount of that check will stay the same). The Hardship Review Committee will be
reviewing your hardship exemption in the coming months and you will be notified of that
meeting.

If you have any questions with this letter, please contact  [add contact name and phone
number].

Sincerely,


Karen DuBois-Walton
Executive Director




{00597478.DOC Ver. 1}



Housing Authority of the City of New Haven
360 Orange Street
P. O. Box 1912
New Haven, CT  06503-1912

**Telephone (203) 498-8800   FAX: (203) 497-9259          TDD: (203) 497-8434**

## LONG TERM HARDSHIP CONTINUATION
## REVIEW MEETING NOTICE

Date

_____

_____

_____

Dear   _____:

Elm City Communities of the Housing Authority of the City of New Haven (HANH) approved a long term hardship exemption for you on [DATE]._____.

In order to properly review your continued eligibility for a long term hardship, the Hardship Review Committee MUST meet with you.  A continued Long Term Hardship Review Committee appointment has been scheduled for:

Date: _____
Time: _____
Place:_____ _

At the time of your meeting, the Hardship Review Committee will review whether you are currently able to pay minimum rent and if you are cooperating with FSS, if applicable. You may bring any documents or information that you believe are relevant to the review and/or that the Hardship Review Committee should consider.

If you fail to attend the above scheduled Long Term Hardship Review Committee meeting, HANH will schedule a second meeting.  If you fail to attend the second scheduled meeting, HANH will determine that no continued  hardship exists and will send you a notice of proposed termination.

**If you are unable to attend the Hardship Review Committee meeting or comply with the above request for documentation due to a disability, you may apply for a waiver of these requirements as a reasonable accommodation of your disability.  To do so, please contact Teena Bordeaux, Reasonable Accommodation Coordinator, at 203-498-8800 ext. 1507.**



EXHIBIT

J

Please also be advised that HANH will not pursue an eviction for non-payment of rent during any period of exemption from minimum rent.

**If you have questions with this letter or you need to reschedule the Hardship Review Committee meeting, please contact Jasmine Ruiz, Sr. Administrative Assistant, at (203) 498-8800 ext. 1101.**

Sincerely,

Evelise Ribeiro
*Housing Choice Voucher Director*



Housing Authority of the City of New Haven
360 Orange Street
P. O. Box 1912
New Haven, CT   06503-1912

**Telephone (203) 498-8800   FAX: (203) 497-9259          TDD: (203) 497-8434**

## CONTINUED HARDSHIP EXEMPTION
## DECISION NOTICE

Date

_____
_____
_____

Dear   _____:

You were originally approved for a Long Term Harship Exemption on _____.  The Hardship
Review Committee Met with you on _____ to review your request for an extension of your
Long Term Hardship.  The Housing Authority has decided to continue your Hardship Exemption
from minimum rent.

### You have been granted  a Continued Long-Term Hardship Exemption.

Effective Date:                              _____

Total Tenant Payment (TTP)            _____
Utility Allowance                          _____
Total Utility Allowance Payment
 (TTP – Utility Allowance)             _____

Reason why continued hardship was granted: [Reason]


Certain Long-Term Hardships are subject to a periodic review:

> [box]  You will have a periodic review of your Long-Term Hardship on [INSERT
> DATE].  You will receive a letter closer to the periodic review meeting date setting forth
> the time and location of the meeting.


> [box]  Your Long-Term hardship is Permanent.  You do not need to attend



EXHIBIT
K
_____

periodic review meetings.

You must notify HANH within 10 days if your Long-Term Hardship ceases to exist because you have obtained a source of income sufficient to pay (at least) the Minimum Rent or other circumstances for which the hardship exemption was granted cease to exist.

All non-elderly and non-disabled residents are required to participate in the FSS program as a condition of the receipt of a Long-Term Hardship.

[box]   You have been determined to be non-elderly and non-disabled and therefore required to participate in the FSS program.

[box]   You have been determined to be elderly and or disabled and therefore Not required to participate in the FSS program.

### Grievance Process

If you disagree with the above decision regarding your Application for Hardship Exemption, you may request an informal grievance conference/hearing to resolve this dispute. You must contact our office in writing within fourteen (14) calendar days of the date of this letter. If a grievance hearing is requested, HANH will not take any further action until the grievance process is completed.

For your convenience, a grievance conference/hearing request form and a copy of HANH's grievance procedures are attached. If you do not request an informal grievance within fourteen (14) days from the date of this letter, you will have waived your right to dispute HANH's decision on this matter.

**If you have questions with this letter, please contact Lashanda Jones (203) 498-8800 ext. 1100.**

Sincerely,

Karen Dubois-Walton
Executive-Director